No. 15,395.

COCHRAN *v.* DISTRICT COURT OF THE SECOND JUDICIAL
DISTRICT OF COLORADO ET AL.
(140 P. [2d] 618) ⁻

Decided July 15, 1943.

Mr. BENJAMIN C. HILLIARD, JR., Mr. BERNARD E. EN-
GLER, for plaintiff.

Mr. JACOB V. SCHAETZEL, Mr. MERRILL A. KNIGHT, for
defendants.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the
court.

232

PLAINTIFF, in an original proceeding in the nature of certiorari, and naming as defendants the District Court of the Second Judicial District and Honorable Charles C. Sackmann, one of the judges thereof, prays that a citation issue commanding the district court to show cause why the following cases on its docket, namely: No. A 36265, Hewitt Cochran v. Mary Jane Hoefnagels, Edwin Hewitt and Helen Hewitt Cochran, and No. 36725, Hewitt Cochran v. International Trust Company, Trustee, Edwin Hewitt, Mary Jane Hoefnagels and Helen Hewitt Cochran should not be set for immediate trial.

It appears that "plaintiff was, on or about the 15th day of July, 1943, expected to be inducted into the armed services of the United States," subject to call for induction on July 29, 1943, with a prospective deferment of his time of entry into service of three weeks after induction if assigned to army service, and of only one week's deferment if assigned to navy service; that the cases were at issue June 25, 1943; that application was made for setting them for trial on July 2, 1943; that said application was denied and date of trial fixed for August 9, 1943, in the division of the court over which the Honorable George A. Luxford presides, to be on that date reset; that the cases involve the enforcement of a trust, and are equitable actions triable to the court without a jury; that the defendant Edwin Hewitt is ninety-four years of age; that various counterclaims have been filed by defendants and that it is vital that plaintiff, who has personal knowledge of the matters and things involved in such counterclaims, be present to testify; that if plaintiff should be inducted into the armed service on July 29, as seems probable, he will be unable to be present at a trial of the causes on any date after August 9 on which they may be reset for hearing; that by reason of the advanced age of defendant Edwin Hewitt, and of the great uncertainty of the time when plaintiff will be released from military service, an emergency exists that entitles plaintiff to the relief for which he asks.

Upon a showing of such facts by plaintiff, we issued an order to show cause why the relief prayed for should not be granted. Defendants have answered in response to such order. The fact which we regard as determinative of the emergency character of the situation presented, namely, plaintiff's prospective induction into the armed services of the United States in the reasonably immediate future is not controverted. The exact time of such induction is, of course, not controlled, and cannot be definitely and certainly ascertained, by either plaintiff or defendants. It appears from the answer that the issues in the cases were made up before the Honorable George A. Luxford, and that by reason thereof it might facilitate the hearing if trials were held before him; that he is on vacation and will not be available before August 9 and for two weeks thereafter will be sitting to hear emergency matters in all divisions; that during the vacation period, the judge sitting by designation of the judges of the district court en banc, is authorized to hear "all emergency matters for all divisions." It appears further that such judge will not try or hear contested suits, either with or without a jury.

We do not regard it as of vital importance that the judge presiding during the framing of the issues should hear the cases. We are of the view that the showing here discloses an emergency matter and that it should have been so considered by the court below. We are mindful of the fact that this matter involves the trial of contested cases which is not within the specific authority granted by the district judges en banc to the judge sitting to hear emergency matters in all divisions. It should be borne in mind, however, that the showing of emergency is to the district court, and not to a division or judge thereof. When such a showing is made in a particular case, the power of the court to act through the judge sitting in the division in which the case is pending to hear emergency matters, even to the extent of setting the case for trial and trying the same, should

not be held to be limited by a general rule which is perhaps wisely and properly adopted to cover general cases.

We are of the opinion that these are emergency cases, and it is ordered that the judge of the defendant district court presently sitting to hear emergency matters for all divisions thereof, provide for the immediate setting and trial of the cases here involved. In the event that it is not convenient for him to try them, he shall take such steps to carry out our directions as he may deem proper.

MR. JUSTICE BAKKE, MR. JUSTICE BURKE, and MR. JUSTICE GOUDY not participating.